NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 7, 2007[*]
Decided February 9, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3085

| | |
|---|---|
| MARY L. CORNER, | Appeal from the United States |
| *Plaintiff-Appellant* | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 06 C 1397 |
| UNITED STATES | |
| DEPARTMENT OF LABOR, | Suzanne B. Conlon, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Mary Corner, who ran unsuccessfully for president of her local postal workers union, sought judicial review of a decision by the Department of Labor not to bring a civil action under Title IV of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 481, for alleged irregularities in the ballot tally.  The district court dismissed her complaint, determining that she failed to establish that the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  Fed. R. App. P. 34(a)(2).

Department's decision not to bring an action against the union was irrational. We affirm.

In analyzing a motion to dismiss, we accept as true all well-pleaded facts alleged in the complaint. *Richards v. Kiernan,* 461 F.3d 880, 882 (7th Cir. 2006). We thus recite the facts as Corner describes them. Corner ran for president of Local 7140 of the American Postal Workers Union in April 2005. Two "observers" oversaw the voting on her behalf. When the voting was complete, Honest Ballot, a private company, bundled the votes and noted vote totals on the back of each bundle. Honest Ballot tallied those totals and found that another candidate had won. When Corner's observers then tallied the totals, they, however, found that Corner had won. Honest Ballot subsequently recounted, reached the same result it had previously, and pronounced the other candidate the winner.

Convinced she was the true winner, Corner pursued local union remedies but was unsuccessful. Then in November 2005, pursuant to the LMRDA, she filed a grievance letter with the Department of Labor seeking to compel the Department to overturn the election. *See* 29 U.S.C. § 482(a); 29 C.F.R. § 452.135. In her grievance letter Corner alleged that (1) the final vote totals were inaccurate, and she cited the discrepancy between Honest Ballot's count and her observers' count; (2) ballot tampering had likely occurred; (3) the union's voter eligibility lists were incomplete and accordingly, some eligible voters did not vote at the election; and (4) her election observers should have been allowed to check the totals on the final tally sheet and then sign it (although she did not indicate how originally denying her this request affected the election).

The Department investigated her allegations and in February 2006 informed her that it found no cause to overturn the election. The Department added that a "statement of reasons" setting forth the basis of the decision would be mailed to her "at a future date."

Corner did not wait for the reasons, however, and promptly filed a complaint in the district court, reiterating the allegations in her grievance letter.

The Department issued a detailed statement of reasons (SOR) in May 2006, and the following month moved to dismiss Corner's complaint. The Department appended the SOR to its motion and argued that the reasons it offered for declining to overturn the election were not "arbitrary and capricious." In the motion, the Department contended that all of Corner's allegations were fully investigated and addressed in the SOR. For instance, in response to Corner's charge of miscounts in the ballot tally, the SOR explained that the Department had conducted its own recount and reached results that confirmed Honest Ballot's final tally. In response to Corner's claim that the eligible voter lists were incomplete, the SOR explained

that this claim was time-barred because Corner had failed to file a grievance with her union within 72 hours upon learning the voter lists were allegedly flawed, and Corner had so admitted this prior to the election. *See* 29 U.S.C. § 482 and 29 C.F.R. § 452.135. And finally, the SOR explained that neither the LMRDA nor Corner's local union constitution contain any provisions that give observers the right to sign final tally sheets.

The district court accepted the analysis set forth in the SOR, and dismissed the complaint. In a thorough discussion, the district court concluded that the Department had considered all of Corner's allegations and provided rational and defensible reasons for its decision not to sue. The court concluded, for instance, that the results of the Department's own recount sufficiently dispelled Corner's belief that there had been a tallying error. The court also concluded that eyewitness testimony referenced in the SOR provided a reasonable basis for the Department's finding that ballot tampering was unlikely to have taken place.

We review the grant of a motion to dismiss *de novo. See Massey v. Merrill Lynch & Co., Inc.,* 464 F.3d 642, 645 (7th Cir. 2006). Our review is "exceedingly narrow" in light of the Department's broad discretion in determining whether filing suit is warranted. *Dunlop v. Bachowski,* 421 U.S. 560, 569-70 (1975) (Burger, C.J., concurring). We are "confined to examination of the [Department's] 'reasons' statement, and the determination whether the statement without more, evinces that the [Department's] decision is so irrational as to constitute the decision arbitrary and capricious." *Id.* at 572-73. We should affirm as long as the SOR contains a rational and defensible basis for the Department's decision. *Id.*

Corner devotes the majority of her brief to re-alleging the irregularities and wrongdoing that she believes tainted the election. She only briefly—and in a general fashion—takes issue with the Department's decision and the SOR.

Corner first argues that the Department's decision was arbitrary because the Department disregarded several facts that support her allegations. She asserts, for example, that the Department ignored the vote totals her observers reached. But Corner's proposed numbers were improbable: the SOR demonstrated that when the Department aggregated the totals reached by Corner's observers, the result was a total number of votes that exceeded the number of voters who participated in the election. And, as the district court noted, the SOR also set forth the results of the Department's own recount, which confirmed the results reached by Honest Ballot.

Corner next argues that the Department's conclusions are arbitrary because they lack factual support. Specifically, she questions the Department's rejection of her allegation of ballot tampering because the SOR does not contain the statements of the various witnesses who were interviewed. But an SOR need include only the

"grounds" and "essential facts" upon which the Department relied. *Dunlop,* 421 U.S. at 573. And we must defer to the Department's factual findings. *See id.* Here the SOR explained that the interviews established that the tallies had remained in the sole possession of Honest Ballot until the Department began its investigation. Accepting this finding as true—which we must—we see nothing arbitrary about the Department's conclusion that ballot tampering was unlikely.

Corner then takes issue with the Department's finding that she was time-barred from pressing her claim that the voting lists were incomplete because she had not complained to her local union within 72 hours of discovering the problem before the election. Corner argues that the complaint she filed with her local union 72 hours after the election was timely because her problem with the lists did not arise until election day when eligible voters omitted from the lists never cast their votes. But that is mere semantics; it was reasonable—and certainly not arbitrary—for the Department to conclude that this claim arose on the date Corner admitted to perceiving what she viewed as irregularities in the lists. We may not substitute our judgment for that of the Department's. *Dunlop,* 421 U.S. at 571.

The judgment is AFFIRMED.